IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUAN DE LA ROSA-ROMUALDO,     §
A#221-362-580,     §
    §
    *Petitioner*,     §
    §
V.     §     CIVIL CASE NO. SA-26-CV-03618-FB
    §
TODD BLANCHE, Acting United States     §
Attorney General; *et al*.,     §
    §
    *Respondents*.     §

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Juan De La Rosa-Romualdo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) and the Federal Respondents' ("Respondents") Response (ECF No. 3). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

### BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City Texas, located in the Western District of Texas. Petitioner entered the United States in 2005, and on May 21, 2026, Immigration and Customs Enforcement apprehended Petitioner. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

### DISCUSSION

Respondents acknowledge prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. While Respondents disagree with those decisions, they acknowledge the factual and legal issues presented in this case do not differ in any material fashion from certain decisions presented in the

identified decisions. *See e.g.*, *Mendoza v. Noem*, Case No. 5:26-CV   0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA   00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *See also Gonzalez Carrillov. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026);  *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025);  *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service.    For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Juan De La Rosa-Romualdo from custody, under reasonable conditions of supervision, to a public place no later than **June 18, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **June 22, 2026**, confirming that Petitioner has been released.

-3-

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 15th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE